## PETER BROWNING *v.* WILLIAM C. TUCKER.

T. sued as a guarantor of a promissory note, pleaded the statute of limitations, to which the plaintiff replied : 1st. That the maker of the note had made a new promise within six years after the time of commencing the action ; and, 2d. That after making the note the maker went out of the state and remained ont for six years, the guarantor, however, remaining within the state. *Held*, that these replications were, neither of them, a good answer to the plea, and that they must be overruled.

ASSUMPSIT against the defendant as guarantor of a promissory note made by one Welcome Tucker for $250 with interest. The defendant pleaded the statute of limitations, to which the plaintiff replied, first, that the maker had made a new promise within six years ; and second, that after making the note the maker went out of the state, and remained out for six years, the guarantor, however, remaining here. To these replications the defendant demurred generally.

*B. N. & S. S. Lapham, for defendant, in support of the demurrer.*
*Parsons, for plaintiff, contra.*

BY THE COURT. These replications must both be overruled. A new promise made by the maker of a promissory note, after the statute of limitations has once commenced to run against it, does not revive the note as against the guarantor, nor does the

absence of the maker from the state bar the operation of the statute in favor of a guarantor who remains therein, and against whom there exists a separate cause of action.

*Demurrer sustained.*